UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| HUMANA INC.<br><br>      Plaintiff,<br><br>vs.<br><br>LUNDBECK, INC.; LUNDBECK NA LTD.; and LUNDBECK LLC.<br><br>      Defendants. | Case No.: 3:23-cv-348-RGJ<br><br>Action Filed: June 6, 2023<br>Action Served: June 20, 2023 |

## DEFENDANT LUNDBECK LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Lundbeck LLC provides notice of removal of this action, captioned *Humana Inc. v. Lundbeck, Inc., Lundbeck NA LTD., and Lundbeck LLC*, bearing case number 23-CI-0003433, from the Jefferson Circuit Court, Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division. In support, Lundbeck LLC respectfully submits this Notice, the Affidavit of Michael Giordano, which is Exhibit 1, and Exhibits A and B attached thereto. Pursuant to 28 U.S.C. § 1446, a copy of the state-court docket and the state-court process, pleadings, and orders are attached as Exhibit 2.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant Lundbeck LLC—which is the only properly joined Defendant—and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court independently has original federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims and theories of relief that necessarily raise substantial federal questions.

I.      BACKGROUND

1.      On June 6, 2023, Plaintiff Humana Inc. filed this action in the Jefferson Circuit Court, Jefferson County, Kentucky.

2.      On June 20, 2023, Lundbeck was served with the Complaint. The Complaint names the following defendants: Lundbeck, Inc., Lundbeck NA LTD., and Lundbeck LLC, which the Complaint lumps together as "Lundbeck" or "Defendants." Compl. ¶ 1.

3.      Plaintiff alleges that Lundbeck engaged in a kickback scheme to increase the sales and sale price of Xenazine (tetrabenazine), a medicine used to treat uncontrollable tremors associated with Huntington's disease. Compl. ¶¶ 1-2. Specifically, Plaintiff alleges that Lundbeck donated money to a charitable organization, Caring Voice Coalition ("CVC"), which paid the co-pays of Medicare patients taking Xenazine who could not otherwise afford the medicine. *Id.* ¶ 7.

4.      Plaintiff "does not allege or contend that manufacturer support of copay assistance is inherently improper or that drug manufacturers are barred from making genuinely charitable donations for copay assistance." *Id.* ¶ 49. Instead, according to Plaintiff, these donations were unlawful because they violated federal regulations governing information sharing between charities and pharmaceutical manufacturers. *Id.* ¶¶ 48-49. Plaintiff contends that this information sharing allowed Lundbeck to charge higher prices for Xenazine because insurers like Plaintiff—who reimbursed for medications pursuant to Medicare contracts with the federal government—rather than patients, bore the brunt of the increased prices. *Id.* ¶¶ 4-6.

5.      Plaintiff's Complaint and materially identical claims have been litigated repeatedly in federal proceedings over the past few years. Most prominently, Plaintiff's allegations are materially identical to—and indeed rely upon—the allegations contained in a no-fault settlement that Lundbeck LLC (and no other Lundbeck entity) entered with the U.S. Department of Justice

related to federal claims under Medicare, the False Claims Act, and the federal Anti-Kickback Statute. *Id.* ¶¶ 11-12, 33-36. The allegations in this case are also materially identical to the allegations in a separate federal lawsuit against Lundbeck in the U.S. District Court for the Eastern District of Virginia; that lawsuit was recently dismissed with prejudice. *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, No. 3:22-CV-422-HEH, 2023 WL 2637383, at *20 (E.D. Va. Mar. 24, 2023). The Complaint also invokes the same theory of harm (increased prices resulting from donations to co-payment charities) that Plaintiff recently litigated in the U.S. District Court for the District of Massachusetts; that lawsuit was also recently dismissed. *Humana, Inc. v. Biogen, Inc.*, No. 21-CV-11578-FDS, 2023 WL 2743307, at *1 (D. Mass. Mar. 31, 2023).

6. In this lawsuit, Plaintiff relies on the same factual backdrop and the same federal regulatory scheme to assert four claims under Kentucky law: unjust enrichment, fraud, insurance fraud, and negligence per se. *Id.* ¶¶ 83-100. In addition to alleged actual damages of "millions of dollars," *id.* ¶ 13, Plaintiff seeks punitive damages, attorneys' fees, and costs, *id.* ¶ 101.

## II. REMOVAL IS PROPER

7. Subject to exceptions not relevant here, the federal removal statute authorizes the removal to district court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state." *Id.* § 1332. Federal district courts also have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Because this Court has original jurisdiction under both §§ 1332 and 1331, removal is proper.

### A. This Court Has Original Jurisdiction Under § 1332.

#### 1. There is complete diversity of citizenship between Plaintiff and Lundbeck LLC, the only properly joined defendant.

8. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A corporation organized under the laws of a foreign state is a citizen of that state. *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91-92 (2002). A limited liability company is a citizen of every state in which its members are citizens. *Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 380 (6th Cir. 2023).

9. Applying these principles, there is complete diversity of citizenship here because Plaintiff is a Delaware and Kentucky citizen, and the only properly joined Defendant—Lundbeck LLC—is not a citizen of Delaware or Kentucky.

10. Humana is a Delaware corporation with its principal place of business in Louisville, Kentucky. Compl. ¶ 14. Accordingly, Humana is a Delaware and Kentucky citizen for purposes of diversity jurisdiction.

11. There is only one properly joined Defendant in this lawsuit: Lundbeck LLC. Lundbeck LLC is a Delaware limited liability company whose sole member is Lundbeck USA Holding LLC. *See* Ex. 1, Affidavit of Michael Giordano ("Giordano Aff.") ¶ 5. Lundbeck USA Holding LLC is a Delaware limited liability company whose sole member is H. Lundbeck A/S. *Id.* ¶ 6. H. Lundbeck A/S is a publicly-traded Danish corporation with its principal place of business in Denmark, at Ottiliavej 9, 2500 Valby, Denmark. *Id.* ¶ 7. Lundbeck LLC is thus a citizen of Denmark for purposes of diversity jurisdiction.

12. Based on the above, the only properly joined Defendant—Lundbeck LLC—is diverse from Plaintiff because it is not a citizen of Delaware or Kentucky.

### 2. Lundbeck, Inc. is a non-existent entity.

13. Plaintiff has named Lundbeck, Inc. in this lawsuit, but Lundbeck, Inc. is a non-existent entity. While it operated, Lundbeck, Inc. was an Illinois corporation, and it maintained its principal place of business in Illinois. *Id.* ¶ 8. Accordingly, even if Lundbeck, Inc. existed, it would be a citizen of Illinois and thus completely diverse from Plaintiff.

14. But Lundbeck, Inc. does not exist. In December 2011, Defendant Lundbeck, Inc. merged with Lundbeck LLC. *Id.*, Ex. B at 5 (merger agreement). As a result of that merger, Lundbeck LLC was the only "surviving limited liability company." *Id.* at 6.

### 3. Plaintiff fraudulently joined Lundbeck NA LTD.

15. Plaintiff has also named Lundbeck NA Ltd. in this lawsuit. Plaintiff has incorrectly alleged that Lundbeck NA Ltd. is a Delaware limited liability company. Compl. ¶ 17. That allegation is false (a fact apparent from the inclusion of the term "Ltd." in the company's name). Instead, Lundbeck NA Ltd. is a Delaware corporation with its principal place of business in Illinois. Giordano Aff. ¶ 11.

16. In addition to misstating Lundbeck NA Ltd.'s legal status, Plaintiff alleges no facts linking Lundbeck NA Ltd. to the claims in this lawsuit. Instead, Plaintiff mentions Lundbeck NA Ltd. exactly twice in the Complaint: when it describes the parties. *See* Compl. ¶¶ 1, 17.

17. In reality, Lundbeck NA Ltd. has no relevant connection to Xenazine, CVC, or the purported "scheme" described in the Complaint. The only reason for Plaintiff to name Lundbeck NA Ltd. in the Complaint is to defeat diversity jurisdiction. Lundbeck NA Ltd.'s citizenship thus has no bearing on this Court's jurisdiction under § 1332.

18. A plaintiff may not defeat removal on diversity grounds by fraudulently joining a non-diverse defendant. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law[.]'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432–33 (6th Cir. 2012) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). The test is whether there is a "colorable basis" for a plaintiff to recover against the non-diverse defendant. *Id.* at 433 (quoting *Coyne*, 183 F.3d at 493). In assessing whether a defendant was fraudulently joined, courts may consider "summary judgment evidence, such as affidavits." *Id.*

19. Plaintiff has no colorable basis to recover against Lundbeck NA Ltd.

20. Lundbeck NA Ltd.'s business is dedicated exclusively to a single medication: Northera, a medicine used to treat an underlying neurogenic disorder, such as Parkinson's Disease or Multiple System Atrophy. Giordano Aff. ¶ 12. Northera is a distinct medicine that has no relation to Xenazine or to the allegations in Plaintiff's Complaint. *Id.* ¶¶ 12-13, 16.

21. For example, Lundbeck NA Ltd. played no role in setting the price of Xenazine, was not involved in the marketing, promotion, sale, or distribution of Xenazine, and did not donate any money to the Huntington's Disease fund that assisted with co-payments for patients' Xenazine prescriptions. *Compare id.*, *with* Compl. ¶ 56 (explaining that the "general[] operat[ion]" of the scheme depended on donations to the Huntington's Disease fund).

22. Lundbeck NA Ltd. likewise holds none of the intellectual property rights to Xenazine, played no role in obtaining Xenazine's FDA approval, and has never held the NDA for Xenazine. Giordano Aff. ¶ 14. Moreover, Lundbeck NA Ltd. has not paid taxes on any revenue

6

generated by Xenazine. *Id.* Nor does Lundbeck NA Ltd. own, possess, or store any Xenazine inventory at any point in the manufacturing or distribution process. *Id.* ¶ 15.

23. These undisputed (and indisputable) facts are fatal to each of Plaintiff's claims against Lundbeck NA Ltd. Plaintiff's alleged injury is its reimbursement payments for Xenazine. Compl. ¶ 13. Thus, all of Plaintiff's claims require Plaintiff to establish that it has a colorable claim for recovery against *Lundbeck NA Ltd.* related to Plaintiff's reimbursement of Xenazine. In other words, Plaintiff must demonstrate that *Lundbeck NA Ltd.* engaged in some wrongful conduct—here, unjust enrichment, fraud, or negligence per se—that related to Xenazine. But Plaintiff has not alleged—and cannot prove—that Lundbeck NA Ltd. committed any wrong or directly and proximately caused Plaintiff's injuries because Lundbeck NA Ltd. is a distinct entity from Lundbeck LLC that had no involvement with Xenazine, never made a donation to CVC, and did not enter into the DOJ settlement.

### 4. The amount in controversy exceeds $75,000.

24. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553. In determining whether the amount in controversy is satisfied, the Court may consider punitive damages. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

25. On the face of the Complaint, the amount in controversy exceeds $75,000. The Complaint alleges that "Lundbeck caused the submission of false certifications to Humana, thereby injuring Humana and causing it to pay millions of dollars in reimbursements for Xenazine that

Humana would not have otherwise paid." Compl. ¶ 13. Plaintiff further alleges that its suit "seeks recovery of Humana's overpayments," which Plaintiff alleges total in the millions of dollars. *Id.* In addition to those actual damages, Plaintiff seeks punitive damages. *Id.* ¶ 101. It is thus indisputable that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

    **B.**  **This Court Has Original Jurisdiction Under § 1331.**

  26.  Lawsuits in state court purporting to raise only state-law causes of action nonetheless "arise under" federal law if the "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The doctrine has three parts: "(1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (en banc). Because Plaintiff's state-law claims meet this standard, this case is subject to removal under 28 U.S.C. §§ 1441(a) and 1331.

  27.  Plaintiff's Complaint is a federal case through and through, and removal is warranted under each prong of the *Grable* test. The suit mimics a settlement between Lundbeck and the *federal* government, for violations of *federal* law, which Plaintiff and others have consistently litigated in *federal* court, including in a recent case based on materially identical allegations against Lundbeck itself. *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, 2023 WL 2637383, at *20. Whether cloaked in language of state-law unjust enrichment, fraud, or negligence, the critical substantive questions underlying the entire Complaint are whether

8

Lundbeck LLC complied with its federal obligations under Medicare and whether Lundbeck LLC violated the federal Anti-Kickback Statute and misrepresented its compliance with those laws.

28. *First*, each state-law claim necessarily raises a disputed federal issue. Plaintiff's Complaint arises exclusively within the four corners of the federal Medicare and Medicaid programs. *See, e.g.*, Compl. ¶¶ 5-6, 11, 14-16. Indeed, Plaintiff's sole alleged injury arises from money that it paid pursuant to its Medicare contracts with the federal government. *See id.* ¶¶ 13-16. Thus, all of Plaintiff's claims turn on whether Lundbeck illegally subsidized patients' co-pays under the federal Anti-Kickback Statute (and related federal administrative regulations) governing the Medicare program. *See generally id.* ¶¶ 83-100. Indeed, the "misconduct" on which Plaintiff bases its claims is that Lundbeck funneled money through CVC to pay patients' Xenazine co-pays, which was allegedly "designed to hide a kickback" and therefore "subject to scrutiny under the AKS." *Id.* ¶ 49. But Plaintiff acknowledges that a manufacturer's support of co-pay assistance is not "inherently improper"; nor are manufacturers "barred from making genuinely charitable donations for copay assistance." *Id.* Accordingly, on the face of the Complaint, the central question in dispute arises under the federal Anti-Kickback Statute: whether Lundbeck's charitable contributions were proper under then-existing guidance from the U.S. Department of Health and Human Services' Office of the Inspector General. *See, e.g.*, 70 Fed. Reg. 70623, 70623-27 (Nov. 22, 2005); *see also* 79 Fed. Reg. 31120, 31121 (May 30, 2014).

29. *Second*, the federal interest in this issue is substantial. Pharmaceutical manufacturers' compliance regarding co-pay-assistance programs is governed by an extensive framework of federal statutes and regulations. Plaintiff's Complaint acknowledges that Lundbeck's charitable contributions to such programs implicate Medicare and Medicaid, the False Claims Act, 31 U.S.C. §§ 3729-33, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the

Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801–12, and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). *See* Compl. ¶¶ 11, 33-36. Moreover, the Complaint repeatedly references and quotes special advisory bulletins issued by the U.S. Department of Health and Human Services' Office of the Inspector General detailing manufacturers' obligations related to co-pay-assistance programs. *See, e.g.*, *id.* ¶¶ 34-36, 49, 63-64. The attention that HHS and DOJ have devoted to these issues underscores their importance to the federal government, as does the DOJ settlement with Lundbeck LLC and other companies.

30.   *Third*, the exercise of jurisdiction here will not disturb any congressionally approved balance of federal and state judicial responsibilities. To the contrary, cases concerning private recovery for allegedly unlawful co-payment charity donations are being litigated in federal courts around the country. *See, e.g.*, *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, No. 3:22-CV-422-HEH, 2023 WL 2637383, at *20 (E.D. Va. Mar. 24, 2023); *Humana, Inc. v. Biogen, Inc.*, No. 21-CV-11578-FDS, 2023 WL 2743307, at *1 (D. Mass. Mar. 31, 2023); *MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, No. 22-CV-01419 (DLF), 2023 WL 2770432, at *1 (D.D.C. Apr. 4, 2023); *MSP Recovery Claims, Series LLC v. Caring Voice Coal., Inc.*, No. 21-21317-CIV, 2022 WL 3155035, at *1 (S.D. Fla. July 21, 2022), *report and recommendation adopted*, 2022 WL 4448256 (S.D. Fla. Sept. 23, 2022); *MSP Recovery Claims, Series LLC v. Jazz Pharms.*, Case No. 23-cv-1591-NC (N.D. Cal.). Permitting this case to proceed in state court would thus *disrupt* the status quo, whereas removal preserves the balance Congress intended: that federal courts resolve *federal* disputes involving settlements with the *federal* government regarding the *federal* Medicare program, and which turn on substantial questions of *federal* law.

### III.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

####   A.   The Notice Of Removal Is Timely.

31.   This Notice of Removal is timely. Lundbeck LLC received the Complaint through service on June 20, 2023. Because Lundbeck LLC filed the Notice of Removal on July 10, 2023, removal is timely. *See* 28 U.S.C. § 1446(b)(1). As indicated above, under 28 U.S.C. § 1446(a), a copy of the state-court docket and all process, pleadings, and orders served on Defendants are attached hereto as Exhibit 2.

####   B.   Venue In This Court Is Proper.

32.   The United States District Court for the Western District of Kentucky is the appropriate venue for removal because it embraces the place where Plaintiff originally filed this case, in the Jefferson Circuit Court, Jefferson County, Kentucky. *See* 28 U.S.C. § 97; *id.* § 1441(a).

####   C.   All Defendants Consent To Removal.

33.   For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a), all defendants who have been properly joined and served must consent to removal. *See* 28 U.S.C. § 1446(b).

34.   Here, all Defendants, including those improperly joined, consent to removal, as indicated by their signing below: Lundbeck LLC, Lundbeck, Inc., and Lundbeck NA Ltd.

35.   By filing this Notice of Removal, neither Lundbeck LLC nor any other Defendant waives any defense that may be available and hereby expressly reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Lundbeck LLC requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case has been properly removed.

**D. This Notice of Removal Will Be Filed With The State Court.**

36. Under 28 U.S.C. § 1446(d), Lundbeck LLC will promptly give written notice of the filing of this Notice of Removal to all parties of record in this matter and will file a copy of this Notice with the clerk of the Jefferson Circuit Court, Jefferson County, Kentucky.

## CONCLUSION

WHEREFORE, Lundbeck LLC hereby removes this action from the Jefferson Circuit Court, Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky.

DATED: July 10, 2023

/S/ *Carol Dan Browning*
Carol Dan Browning
Stites & Harbison PLLC
400 W. Market St. Suite 1800
Louisville, KY 40202
502-681-0516
cbrowning@stites.com

Kyle S. Schroader
Stites & Harbison PLLC
250 W. Main St. Suite 2300
Lexington, KY 40507
859-226-2335
kschroader@stites.com

Joshua M. Davis*
Kolya Glick*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
Joshua.Davis@arnoldporter.com
Kolya.Glick@arnoldporter.com

12

Suneeta Hazra*
Brian M. Williams*
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202-2569
Telephone: (303) 863-1000
Fax: (303) 863-2301
Suneeta.Hazra@arnoldporter.com
Brian.Williams@arnoldporter.com

**Attorneys for Defendants**
**LUNDBECK LLC, LUNDBECK, INC., and**
**LUNDBECK NA LTD.**

*denotes national counsel who will seek pro hac vice admission*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 10, 2023, a copy of the foregoing **DEFENDANT LUNDBECK LLC'S NOTICE OF REMOVAL** was served via email on all counsel of record:

Michael P. Abate
Kaplan Johnson Abate & Bird LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
502-540-8280
mabate@kaplanjohnsonlaw.com

Scott C. Solberg
James W. Joseph
Benjamin E. Waldin
Sarah H. Catalano
Eimer Stahl LLP
224 South Michigan Ave., Suite 1100
Chicago, IL 60604
312-660-7600
ssolberg@eimerstahl.com
jjoseph@eimerstahl.com
bwaldin@eimerstahl.com
scatalano@eimerstahl.com

    /s/ *Carol Dan Browning*
    *Counsel for Defendants*
    LUNDBECK LLC, LUNDBECK, INC., and LUNDBECK NA LTD.