UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| HUMANA, INC. | Plaintiff |
| v. | No. 3:23-cv-348-RGJ |
| LUNDBECK, INC.; LUNDBECK NA LTD.; LUNDBECK LLC. | Defendant |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Humana, Inc. ("Humana"), moves to remand this action to the Jefferson County Circuit Court pursuant to 28 U.S.C. § 1447(c). [DE 29 at 258]. Defendant, Lundbeck LLC ("Lundbeck"), filed a response and Humana replied. [DE 34; DE 35]. This matter is ripe for adjudication. For the reasons below, Humana's motion to remand [DE 29] is **GRANTED**.

**I.    Background**

Humana filed this action in Jefferson County Circuit Court asserting four state law claims: (1) unjust enrichment, (2) fraud, (3) insurance fraud, and (4) negligence *per se* against Lundbeck, Inc.,[1] Lundbeck NA Ltd., and Lundbeck LLC. [DE 1-4 at 167–70]. Humana bases its claims on Lundbeck's alleged "illegal kickback scheme to increase the sales and sales price" of Xenazine. [DE 29 at 259]. To raise the price of Xenazine, Humana alleges that Lundbeck "funneled money . . . through a sham charitable organization" to help customers cover their copays. [*Id.* at 260]. According to Humana, this forced them to "cover the artificially inflated costs of Xenazine." [*Id.*].

Lundbeck timely removed the action to the United States District Court for the Western District of Kentucky. [DE 1 at 1]. Lundbeck argues that removal was proper because this Court

---

[1] Humana advises it intends to remove Lundbeck, Inc. as a defendant because Lundbeck, Inc. merged into Lundbeck LLC. [DE 29, n.1].

1

has both diversity jurisdiction and federal question jurisdiction over Humana's claims. [*Id.* at 3]. In its motion to remand, Humana disputes this Court's diversity jurisdiction because it claims Lundbeck NA Ltd. defeats complete diversity between the parties. [DE 29 at 262]. Humana also maintains that its claims "arise entirely under Kentucky law," and so this Court lacks federal question jurisdiction. [*Id.* at 258]. Lundbeck responds that Humana fraudulently joined Lundbeck NA Ltd. and that Humana's state law claims rely on a violation of federal law; therefore, the Court has both diversity and federal question jurisdiction. [DE 34 at 397–98].

## II. Discussion

A defendant may remove a state court civil action to federal court if the district court would have had subject matter jurisdiction had the case been originally filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing removal was proper. *See, e.g.*, *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). The federal removal statute provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Removal raises significant federalism concerns, and, for this reason, "statutes conferring removal jurisdiction are to be construed strictly." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). Accordingly, all "doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation omitted).

### A. Diversity Jurisdiction

Lundbeck argues that Humana fraudulently joined Lundbeck NA Ltd.—the only non-diverse defendant—because (1) Humana's complaint fails to state a colorable claim against

Lundbeck NA Ltd. "on its face," (2) Mr. Giordano's affidavit proves there is no colorable claim, and (3) the Department of Justice ("DOJ") documents attached by Humana show there is no colorable claim. [DE 34 at 403–10]. Humana asserts that Lundbeck NA Ltd. was properly joined because (1) Mr. Giordano's affidavit cannot be relied on, (2) Lundbeck NA Ltd.'s involvement with Xenazine is disputed, and thus (3) Lundbeck has not met the high burden of establishing fraudulent joinder. [DE 29 at 262–66].

"The removing party bears the burden of demonstrating fraudulent joinder." *Casias v. Walmart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citation omitted). To do so, the removing party must provide "proof that the plaintiff has no colorable claim against the non-diverse defendant under state law." *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 958 (6th Cir. 2017). As with any dispute over removal, all doubts are resolved against removal. *See Brierly*, 184 F.3d at 534; *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

When deciding issues of fraudulent joinder, the Court "appl[ies] a test similar to, but more lenient [to a plaintiff] than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias* 695 F.3d at 433. If the claim against the non-diverse defendant "has even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (citing *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir.1999)).

Even though the fraudulent joinder inquiry is conducted in federal court, "Kentucky pleading rules apply." *Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013) (remanding). In Kentucky, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ky. R. Civ. P. 8.01(1)(a). Kentucky "still follows the old notice-pleading regime." *Williams v. Altman, McGuire, McClellan & Crum,* Civ. No. 12–131–ART, 2013 WL 28378, at *3 (E.D. Ky. Jan. 2, 2013). Kentucky courts may dismiss a

complaint only when a plaintiff "would not be entitled to relief under any set of facts which could be proved[.]" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). Complaints can be conclusory as long as the plaintiff gives fair notice of the claims. *Pierson Trapp Co. v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960). Further, "the Rules of Civil Procedure with respect to stating a cause of action should be liberally construed" and "much leniency should be shown in construing whether a complaint . . . states a cause of action." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989) (internal quotation marks omitted and markings in original).[2]

"Claims of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 159 (E.D. Ky. 1996). In reviewing allegations of fraudulent joinder, the Court may "pierce the pleading" and consider evidence normally reserved for summary judgment, such as affidavits presented by the parties. *Casias,* 695 F.3d at 433. That said, "[t]he court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id*. (quoting *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 955–56 (6th Cir. 2011)). As the burden of establishing fraudulent joinder rests with the removing party, the court must resolve any disputed questions of fact or ambiguities in controlling state law in favor of the non-removing party. *See Alexander*, 13 F.3d at 949.

Under this standard, the question is whether Humana has at least a "colorable cause of action" against Lundbeck NA Ltd. in the Kentucky state courts. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *Alexander*, 13 F.3d at 949). Lundbeck claims that Humana's complaint does not state a colorable claim against Lundbeck NA Ltd. "on its face." In large part, Lundbeck relies on the affidavit of Mr. Giordano to demonstrate that Lundbeck NA

---

[2] Like the Federal Rules, the Kentucky Civil Rules allow alternative or inconsistent pleadings under Ky. R. Civ. P. 8.05(2).

Ltd. "has no connection to Xenazine." [DE 34 at 399]. But this affidavit is not an "undisputed fact" that the Court may rely on to "pierce the pleading." *Casias*, 695 F.3d at 433. Humana's complaint directly disputes Mr. Giordano's assertion that Lundbeck NA Ltd. has nothing to do with Xenazine. [DE 1-4 at 140]. And although Humana acknowledges that "most of the specifics about Lundbeck's scheme remain hidden to this day," [DE 1-4 at 157], it does assert that Lundbeck NA Ltd. was subpoenaed by DOJ in its investigation of Xenazine sales—a fact that is referenced in one of Lundbeck's annual reports.[3] [DE 29 at 260; DE 29-1 at 302]. As a result, this is not a situation "where an undisputed factual inaccuracy or insufficiency in the plaintiff's claim . . . is the basis of removal," therefore the Court cannot consider the affidavit for the purpose of a motion to remand. *Walker*, 443 F. App'x at 956.

With only the affidavit to rely on, Lundbeck has not established by clear and convincing evidence that Lundbeck NA Ltd. was fraudulently joined. *See Parker*, 914 F. Supp. at 159. Even if the Court were to consider Mr. Giordano's affidavit, it would not extinguish even "a glimmer of hope" that Humana may recover against Lundbeck NA Ltd. on its state law claims. *Murriel-Don Coal Co.*, 790 F. Supp. at 597 (quotation and citation omitted). Because Lundbeck has not established that Lundbeck NA Ltd. was fraudulently joined by clear and convincing evidence, the parties are not completely diverse, and the Court cannot exercise diversity jurisdiction.

---

[3] Lundbeck does not deny that the settlement with DOJ released Lundbeck NA Ltd. from "any liability connected with the unlawful conduct," as Humana alleges. [DE 35 at 422]. Instead, Lundbeck argues that "the timeline of the DOJ investigation proves that Lundbeck NA Ltd. had *no role* to play" in the scheme and that DOJ "settled with Lundbeck LLC *only*," showing that DOJ determined there was "no colorable basis to proceed against Lundbeck NA Ltd." [DE 34 at 409 (emphasis in original)]. Humana replies that "the fact that Lundbeck NA Ltd. was not party to the DOJ settlement is irrelevant since it received the benefit of that settlement." [DE 35 at 422]. At most, Lundbeck NA Ltd.'s involvement in the DOJ investigation and release from the settlement reveals only that they were once a target of the investigation. To conclude that Lundbeck NA Ltd.'s release proved a DOJ determination that they were not involved with Xenazine sales would require the Court to make a significant inferential leap. Regardless, what the DOJ settlement reveals about Lundbeck NA Ltd.'s involvement with Xenazine is not an "undisputed fact[] that negate[s] the claim," *Walker*, 443 F. App'x at 955–56, therefore it must be resolved in favor of Humana. *See Alexander*, 13 F.3d at 949.

### B. Federal Question Jurisdiction

"Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law." *Rivet v. Regions Bank*, 522 U.S. 470, 472 (1998). Accordingly, Lundbeck would have a right to remove this case if Humana "could have brought it in federal district court originally . . . as a civil action arising under the Constitution, laws or treaties of the United States." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citing 28 U.S.C. §§ 1331, 1441(a)) (internal quotation marks and citations omitted). In most cases, a party invokes federal-question jurisdiction by pleading a cause of action created through federal law. *Id.* That said, in limited instances, federal-question jurisdiction embraces state-law claims that implicate significant federal issues. *Id.* To determine whether federal-question jurisdiction is appropriate in such cases, the court must ask whether the relevant federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (clarifying *Grable*, 545 U.S. at 314).

It its Notice of Removal, Lundbeck claims this is one of those rare cases in which a state-law cause of action merits federal-question jurisdiction. [DE 1 at 8–9]. The Court finds that multiple *Gunn* elements are not met and addresses them below.

#### i. "Necessarily Raised" and "Actually Disputed"

For a federal issue to be necessarily raised and disputed in a state law claim, "the disputed question of federal law must be a necessary element of the state law claim, such that the state law claim is really one of federal law." *Funderwhite v. Loc. 55, United Ass'n*, 702 F. App'x 308, 312 (6th Cir. 2017) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983)) (internal quotations omitted). In other words, a federal issue is

6

necessarily raised if the claim "necessarily turn[s] on some construction of federal law, even though the complaint does not articulate a federal cause of action." *Id.* (citing *Franchise Tax Bd.*, 463 U.S. at 9) (internal quotations omitted).

Lundbeck asserts that Humana's claims "necessarily raise two disputed federal issues: (1) whether Lundbeck LLC's actions complied with the [federal Anti-Kickback Statute ("AKS")]; and (2) if so, whether the AKS allows enforceable private rights of action for health insurance companies." [DE 34 at 412]. But neither question is "necessarily raised" in order to resolve claims of fraud, insurance fraud, unjust enrichment, and negligence *per se* under Kentucky law. It is true that much of Humana's complaint discusses the DOJ investigation of Lundbeck, the federal AKS, and the False Claims Act ("FCA"), but that does not mean that violation of these statutes is a required element of Humana's state law claims.[4] *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) ("The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction."); *Williams-Salmon v. Avanir Pharms., Inc.*, No. 1:20 CV 419, 2020 WL 4432948, at *3 (N.D. Ohio July 31, 2020) ("To the extent that the Complaint incorporates the Federal Indictment and False Claims Act Complaint documents, it does so only as background and factual support of these claims."); *El Camino Hosp. v. Anthem Blue Cross of California*, No. 5:14-CV-00662-EJD, 2014 WL 4072224, at *3 (N.D. Cal. Aug. 14, 2014) ("[T]he fact that [the Medicare Anti-Kickback statute and related regulations] underpin [the

---

[4] Lundbeck directs the Court to a series of cases stemming from the DOJ investigation that were filed directly in federal court. *See*, *e.g.*, *Humana, Inc. v. Biogen, Inc.*, No. 21-CV-11578, 2023 WL 2743307 (D. Mass. Mar. 31, 2023); *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, No. 3:22-CV-422, 2023 WL 2637383 (E.D. Va. Mar. 24, 2023); *MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, No. 22-CV-01419, 2023 WL 2770432 (D.D.C. Apr. 4, 2023); *MSP Recovery Claims, Series LLC v. Caring Voice Coal., Inc.*, No. 21-CV-21317, 2022 WL 3155035 (S.D. Fla. July 21, 2022), report and recommendation adopted, 2022 WL 4448256 (S.D. Fla. Sept. 23, 2022); *Humana Inc. v. Mallinckrodt ARD LLC*, No. 19-CV-06926, 2020 WL 3041309 (C.D. Cal. Mar. 9, 2020). An obvious difference between those cases and this case is that those cases alleged federal causes of action under a federal law, such as civil RICO claims. A shared factual underpinning between those cases and this case does not confer federal question jurisdiction.

plaintiff's] claims does not automatically mean that the claims turn on the court's interpretation of them" where "[the defendant] has not pointed to any dispute as to the meaning of the Medicare Anti–Kickback statute or the related regulations."). And Humana's claims do not rely on a private right of action flowing from the federal AKS or violation of the FCA at all.

Lundbeck argues that application of the federal AKS is necessary for resolution of Humana's fraud claim, but Humana asserts in its complaint that Lundbeck's false certifications did not comply with federal *and* state law. [DE 35 at 428 (citing *Ky. Ret. Sys. v. BHEP GP I, LLC*, No. 3:18-CV-27 (WOB), 2019 WL 5865628, at *6 (E.D. Ky. Aug. 22, 2019) ("[I]t is well-established that a claim 'supported by alternative theories in the complaint' cannot arise under federal law 'unless [federal] law is essential to each of those theories.'" (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988))]. Therefore, although the federal AKS may represent one route of proving Humana's fraud claim, it is not *necessary* to the resolution of the claim. The same is true for the rest of Humana's state law claims. As a result, Humana's complaint does not "necessarily raise" an "actually disputed" federal question.

### ii. Substantiality

Even if Humana's state law claims necessarily raised a disputed federal question, that question would not be substantial. A federal question is "substantial" where it is important "to the federal system as a whole." *Gunn*, 568 U.S. at 260. Courts consider these factors when assessing the substantiality of the federal interest:

> (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated).

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 570 (6th Cir. 2007).  "While certain of these factors may be more applicable than others in any given set of circumstances, no single factor is dispositive, and these factors must be considered collectively, along with any other factors that may be applicable in a given case."  *Id.*

First, no federal agency is included in this case, cutting against the substantiality of the federal interest.  *See Mikulski*, 501 F.3d at 570 ("The first factor is both objective and apparent, and in this case it weighs against characterizing the federal interest as substantial because there is no federal agency in this dispute."); *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) ("This case is poles apart from *Grable*" where "[t]he dispute [in *Grable*] centered on the action of a federal agency (IRS) and its compatibility with a federal statute.").

Second, to the extent that Humana would rely on the federal AKS or FCA to prove its state law claims, the application of these laws would not require any novel construction or interpretation.  *See Mikulski*, 501 F.3d at 566 (noting a "distinction between the *significant* federal interest in deciding the constitutionality of a federal statute, a potential rebuke of congressional authority, as compared with the *minimal* federal interest in the shaping of the scope of a state statutory duty, a task likely to recur routinely and repeatedly") (emphasis in original).  A question can be "not particularly important to the federal government" even if "resolution of [the] issue will require the analysis and interpretation of federal law."  *Id.* at 570–71.  Such is the case here.

Third, a decision on whether Lundbeck violated the AKS or FCA would not be enough to resolve the individual claims.  Humana could still conceivably make out its fraud claim by pointing to false certifications that did not comply with state law or by showing that Lundbeck "caused insurance claims to be submitted with omissions."  [DE 35 at 428–29].  Even if that were not the case, the Sixth Circuit noted in *Mikulski* that this factor only supports the substantiality of the

9

federal issue if it resolves the case *regardless* of its outcome.  501 F.3d at 571 (explaining "the plaintiffs must still prove the remaining elements of fraudulent misrepresentation (such as intent) or breach of contract (such as the existence of a contract)" even if they prevailed on their "construction" of federal law).  Thus, this factor weighs against substantiality.

Fourth, this case is fact-specific and "a decision on whether [Lundbeck] violated the federal statutes alleged . . . will not be controlling over any other case." *Williams-Salmon v. Avanir Pharms., Inc.*, No. 1:20 CV 419, 2020 WL 4432948, at *4 (N.D. Ohio July 31, 2020) (holding federal question was not substantial).  Unlike *Grable*, this case is not important "to the federal system as a whole," *Gunn* 568 U.S. at 260, and does not "present[] a nearly pure issue of law, the resolution of which would establish a rule applicable to numerous [subsequent cases]." *Empire*, 547 U.S. at 681.

All four factors articulated in *Mikulski* militate against the substantiality of any federal interest.  Accordingly, the substantiality prong of *Gunn* is not met, and the Court cannot exercise federal question jurisdiction.

### III.   Conclusion

For the reasons explained, and the Court being otherwise sufficiently advised, Humana's motion to remand [DE 29] is **GRANTED**.

(1) This matter is **REMANDED** to the Jefferson County Circuit Court.

(2) This matter is **STRICKEN** from the Court's active docket.

Rebecca Grady Jennings, District Judge
United States District Court

cc: counsel of record

November 21, 2023